

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT

Eastern District of Arkansas

JUN 18 2015

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| KENNETH EUGENE BROWN, II | ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 4:13CR00068-01 JLH

USM Number: 27556-009

Lea Ellen Fowler
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Count 1s of Superseding Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) | Conspiracy to possess with intent to distribute methamphetamine, a Class A felony | 2/4/2013 | 1s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    2s-9s, 1-6, 11, 16, 23    ☐ is    ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/18/2015
Date of Imposition of Judgment

_____
Signature of Judge

J. Leon Holmes                     U.S. District Judge
Name and Title of Judge

6/18/2015
Date

AO 245B    ' (Rev. 09/11) Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: KENNETH EUGENE BROWN, II
CASE NUMBER: 4:13CR00068-01 JLH

# IMPRISONMENT

       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**151 MONTHS**

☑  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant participate in residential substance abuse treatment, and educational and vocational programs during incarceration.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____ ☐ a.m. ☐ p.m.   on  _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____ to  _____

a  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
            DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    6

DEFENDANT:   KENNETH EUGENE BROWN, II
CASE NUMBER:   4:13CR00068-01 JLH

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
FIVE (5) YEARS

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
             Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:  KENNETH EUGENE BROWN, II
CASE NUMBER:  4:13CR00068-01 JLH

## ADDITIONAL SUPERVISED RELEASE TERMS

14)  The defendant must participate, under the guidance and supervision of the probation officer, in a substance abuse treatment program which may include testing, outpatient counseling, and residential treatment.  The defendant must abstain from the use of alcohol throughout the course of treatment.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page    5    of    6

DEFENDANT: KENNETH EUGENE BROWN, II
CASE NUMBER:  4:13CR00068-01 JLH

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐   the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
             Sheet 6 — Schedule of Payments

Judgment — Page __6__ of ___6___

DEFENDANT: KENNETH EUGENE BROWN, II
CASE NUMBER: 4:13CR00068-01 JLH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑ Lump sum payment of $ __100.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

     **See attached PRELIMINARY ORDER OF FORFEITURE entered on December 12, 2014.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.                                   No. 4:13CR00068-1 JLH

KENNETH EUGENE BROWN, II
     a/k/a 'ICE MAN"; a/k/a "BJ"

**PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1.     As the result of the December 1, 2014, guilty plea of Kenneth Eugene Brown, II

("Defendant") shall forfeit to the United States, under 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c),

and 21 U.S.C. § 853:

    A.     One Smith & Wesson, model SW40VE, .40 caliber pistol, serial number

        RAY5335;

    B.     One Lorcin, model L9, 9mm pistol, bearing serial number L109713;

    C.     One Jimenez Arms, model J.A. Nine, 9mm pistol, serial number 193065;

    D.     One Romarm SA/Cugir, model SAR-1, 7.62 x 39mm semi-automatic rifle,

        serial number S1-42966-2001;

    E.     One Norinco, model MAK 90, 7.62 x 39 semi-automatic rifle, serial

        number 9100796; and

    F.     $7,530 U.S. Currency.

(collectively "property subject to forfeiture").

2.     Upon the entry of this Order, the United States Attorney General or a designee

(collectively "Attorney General") is authorized to seize the above-listed property and to conduct

any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

Fed. R. Crim. P. 32.2(b)(3).  Further, the Attorney General is authorized to commence any

applicable proceeding to comply with statutes governing third party rights.

3.      The United States shall publish, in such a manner as the Attorney General may direct, notice of this Order and the United States' intent to dispose of the property subject to forfeiture. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property subject to forfeiture.

4.      Any person, other than Defendant, asserting a legal interest in the property subject to forfeiture may petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property and for an amendment of this Order. *See* 21 U.S.C. § 853(n)(2); 28 U.S.C. § 2461(c). This petition must be filed within 30 days of the final publication of notice or receipt of notice, whichever is earlier. 21 U.S.C. § 853(n)(2).

5.      This Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Fed. R. Crim P. 32.2(b)(4)(A). If no third party files a timely claim, this Order shall become the Final Order of Forfeiture. Fed. R. Crim. P. 32.2(c)(2).

6.      Any petition filed by a third party asserting an interest in the property subject to forfeiture shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property subject to forfeiture, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property subject to forfeiture, any additional facts supporting the petitioner's claim and the relief sought.

7.      After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.      The United States shall have clear title to the property subject to forfeiture

following the Court's disposition of all third-party interests, or, if none, following the expiration

of the period provided for the filing of third party petitions.

9.      The Court shall retain jurisdiction to enforce this Order and to amend it as

necessary. *See* Fed. R. Crim. P. 32.2(e).

SO ORDERED this ___12th___ day of December 2014.

_____

HONORABLE J. LEON HOLMES
UNITED STATES DISTRICT JUDGE